**SO ORDERED.**

**SIGNED this 17 day of May, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

NAEEM AHSAN and                           CASE NO. 10-01791-8-JRL
NIGAR N. AHSAN,                                   CHAPTER 13

     DEBTORS.
_____

**ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY**

This matter is before the court on the creditor's motion for relief from the automatic stay or in the alternative, motion for adequate protection. The court conducted a hearing on this matter on May 12, 2010 in Raleigh, North Carolina.

The debtors filed for relief under Chapter 13 of the Bankruptcy Code on March 8, 2010. Creditors Hashmat A. Syed and Khalida A. Syed, ("Movants"), are the holders of a mortgage, executed by the debtors and dated February 5, 2009 in the original principal amount of $430,000.00. The mortgage is secured by a deed of trust that encumbers real property located at 11016 Leesville Road, Raleigh, North Carolina ("collateral"). The debtors dispute the validity of this lien.

Movants assert the debtors have not made any payments in over a year and the mortgage is in default with an arrearage amount in excess of $35,000. The debtors respond by admitting a deed

of trust has been filed with the Wake County Register of Deeds, but contend it is invalid for lack of consideration for the underlying note.

At hearing, the Movants asserted that a second and third deed of trust were executed in their favor for the valuable consideration of building an addition on the debtors' home by Hashmat Syed. Movants maintain the second deed of trust was cancelled when the cost of continued construction exceeded the amount of the instrument and a third deed of trust was executed in the amount of $430,000 to reflect the construction's true costs. Ultimately, the Movants assert the third deed of trust executed in their favor and the first mortgage on the property of $170,000 held by NC SECU create a total encumbrance of $600,000 and the value of the collateral exceeds that amount. That assertion leads to the Movants' request for relief from the automatic stay so they may proceed against their collateral. In response, the debtors acknowledge multiple deeds of trusts were executed in favor of the Movants. However, they assert the intent when executing the third deed of trust was to pay off the first and second deeds of trust, not increase their total indebtedness. Debtors also acknowledge when a deed of trust is executed there is a presumption of consideration, but emphasize that the presumption is rebuttable and request such an opportunity.

Before a debtor may extinguish or modify liens during the pendency of their bankruptcy case, they must take some affirmative act to accomplish that goal. Cen-Pen Corporation v. Hanson, 58 F.3d 89, 92 (4th Cir 1995) (citing Lee Servicing Co. v. Wolf (In re Wolf), 162 B.R. 98, 107 n. 14 (Bankr. D.N.J. 1993)).

> Unless the debtor takes appropriate affirmative action to avoid a security interest in property of the estate, that property will remain subject to the security interest following confirmation. (citation omitted) The simple expedient of passing their residence through the bankruptcy estate could not vest in the [debtor] a greater interest in the residence than they enjoyed prior to filing their Chapter 13 petition.

Id., 58 F.3d at 93. (citing In re Honacker, 4 B.R. 415, 417 (Bankr. E.D.Mich. 1980). When the lien at issue is secured by real property, "Bankruptcy Rule 7001(2) expressly requires initiation of an *adversary proceeding* 'to determine the validity, priority, or extent of a lien or other interest in property.'" Id.

Based on the Debtors' argument seeking to extinguish the third deed of trust as invalid for lack of consideration the motion to life stay is **DENIED**; denial of the motion is contingent upon the debtor filing an adversary proceeding by May 26, 2010.

END OF DOCUMENT